UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ASTRAL IP ENTERPRISE LTD., | Case No. 5:24-cv-07428-EJD |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION FOR ELECTRONIC SERVICE OF PROCESS** |
| v. | |
| HORIZONMATRIX, | Re: ECF No. 17 |
| Defendant. | |

Plaintiff Astral IP Enterprise Ltd. brings this action against Defendant HorizonMatrix for copyright infringement and violation of California's unfair competition law. Compl., ECF No. 1. Plaintiff alleges that Defendant took copyrighted fitness images from Plaintiff's mobile application on the Google Play store and used them in Defendant's own competing mobile applications. *Id.* ¶¶ 39–47. Before the Court is Plaintiff's motion for an order authorizing electronic service of process. Mot., ECF No. 17.

Rule 4 permits courts to authorize service of process on an individual outside of any judicial district of the United States "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3). Service under Rule 4(f)(3) is subject to few restrictions. As long as the method of service is (1) directed by the court, and (2) not prohibited by an international agreement, it may be accomplished in contravention of the laws of a foreign country. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). But even if facially permitted by Rule 4(f)(3), the method of service must still comport with constitutional notions of due process by being "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

Case No.: 5:24-cv-07428-EJD
ORDER GRANTING MOT. FOR ELECTRONIC SERVICE
1

objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Whether service under Rule 4(f)(3) is necessary in any given case is within the district court's discretion. *Rio*, 284 F.3d at 1016.

Here, Plaintiff requests authorization to serve Defendant electronically via e-mail. Before filing the instant lawsuit, Plaintiff filed a takedown notice under the Digital Millenium Copyright Act ("DMCA") requesting that Google remove the allegedly infringing images in Defendant's applications. Compl. ¶ 35. Defendant responded by submitting a DMCA counter-notice to restore the images. *Id.* ¶¶ 37–38. In the counter-notice, Defendant provided a name, physical address, and e-mail address that indicated Defendant is a mobile application developer based in Tokyo, Japan. Mot. at 2. Plaintiff attempted to serve Defendant using the provided name and physical address through Japan's Central Authority in accordance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). *Id.* at 3. However, the attempt at service failed, and Japan's Central Authority returned Plaintiff's documents. *Id.*

As is clear from the foregoing, the circumstances of this case warrant an alternative method of service. Rule 4(f)(3) does not require exhaustion of other traditional methods before a court may authorize alternative service, but Plaintiff nonetheless went to great lengths to serve Defendant through the Hague Convention. *See Rio*, 284 F.3d at 1016 ("[A plaintiff] need not have attempted every permissible means of service of process before petitioning the court for alternative relief."). The lack of success despite Plaintiff's diligence demonstrates that the name and physical address Defendant provided in its DMCA counter-notice are either inaccurate or outdated. This leaves Defendant's e-mail address as the only other known point of contact.

The Court agrees that e-mail service is appropriate here. The Court is not aware of any international agreement that bars e-mail service of a defendant in Japan. Defendant was obligated to provide an active e-mail address with its DMCA counter-notice, so Defendant presumably continues to use the provided e-mail address. As an online mobile application developer, Defendant likely relies on electronic communications for conducting business, making e-mail a

Case No.: 5:24-cv-07428-EJD
ORDER GRANTING MOT. FOR ELECTRONIC SERVICE
2

reliable means for reaching Defendant. Likewise, e-mail service comports with due process in this case, because it is the most likely method under the circumstances to notify Defendant of the pendency of this action. *See id.* at 1017 (concluding "[w]ithout hesitation" that e-mail service was constitutionally acceptable where the plaintiff had already attempted to serve an Internet business entity defendant in Costa Rica by conventional means).

Accordingly, the Court **GRANTS** Plaintiff's motion for electronic service of process via e-mail. Plaintiff is directed to serve Defendant at the email address provided in Defendant's DMCA counter-notice: heartprayln@gmail.com. The Court **ORDERS** Plaintiff to submit a report apprising the Court of the status of the service attempt **no later than twenty-one (21) days** after sending the service e-mail.

**IT IS SO ORDERED.**

Dated: October 15, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-07428-EJD
ORDER GRANTING MOT. FOR ELECTRONIC SERVICE
3