UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASTRAL IP ENTERPRISE LTD., <br> Plaintiff, <br> v. <br> HORIZONMATRIX, <br> Defendant. | Case No.  5:24-cv-07428-EJD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFAULT JUDGMENT** <br><br> Re: ECF No. 23 |

Plaintiff Astral IP Enterprise Ltd. ("Plaintiff") sued Defendant HorizonMatrix ("Defendant") for copyright infringement and violation of California's unfair competition law. Compl., ECF No. 1.  Defendant has neither answered nor appeared in this action despite being served, so Plaintiff now moves for default judgment.  Mot., ECF No. 23.  The Court finds the motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for default judgment.

I.  **BACKGROUND**

Plaintiff is a Canadian company that designs and creates various mobile applications and authorizes use of those applications to developer accounts on online platforms such as Google Play.  Compl. ¶ 1, 14.  One such application titled "Lose Weight App for Women" (the "Mobile App") was released worldwide on the Google Play store through an authorized developer account and has received millions of downloads.  *Id.* ¶¶ 15–17.  Plaintiff alleges that it holds all exclusive rights to the copyrighted works within the Mobile App, including images of a female figure in pink and black workout clothes with brown hair in a ponytail performing various exercises (the

Case No.: 5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT

1

1  "Copyrighted Images"). *Id.* ¶¶ 18–19.

2  Plaintiff further alleges that it incorporated the Copyrighted Images into its Mobile App in
3  October 31, 2019 and that, in approximately 2021, Defendant created its own competing mobile
4  applications using the Copyrighted Images. *Id.* ¶¶ 21–22. Plaintiff submitted a complaint to
5  Google, who removed Defendant's applications around July 31, 2024, but Defendant created three
6  more fitness mobile applications shortly thereafter. *Id.* ¶¶ 23–24. Plaintiff alleges that these
7  applications continue to use the same Copyrighted Images. *Id.* ¶ 25. Plaintiff avers that it sent a
8  DMCA Takedown Notice through Google Play's internal system and that Google once again
9  removed the allegedly infringing applications. *Id.* ¶¶ 35–36. However, Defendant allegedly
10 submitted a DMCA Counter-Notice to have Google restore Defendant's applications, leading
11 Plaintiff to file the instant suit to obtain relief from the ongoing infringement. *Id.* ¶¶ 37–38.

## II.   LEGAL STANDARD

Courts may grant default judgment if a party fails to plead or otherwise defend against an action for affirmative relief. Fed. R. Civ. P. 55(a). Discretion to enter default judgment rests with the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When deciding whether to enter default judgment, courts consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the underlying default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In evaluating these factors, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## III.   DISCUSSION

### A.   Jurisdiction

Before entering default judgment, a court must first determine whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendant. *See In re Tulli*, 172 F.3d

Case No.: 5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT

2

707, 712 (9th Cir. 1999). Here, the Court has subject matter jurisdiction over Plaintiff's copyright claim pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). The Court has supplemental jurisdiction over the California unfair competition law claim because it arises out of the same facts as the copyright claim such that the state law claim is part of the same case or controversy. 28 U.S.C. § 1367(a); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). As to personal jurisdiction, Defendant consented to this Court's exercise of personal jurisdiction over it and the venue of the Northern District of California by filing its DMCA counter-notice. 17 U.S.C. § 512(g)(3). Plaintiff properly served Defendant via electronic mail. ECF No. 19.

### B.   *Eitel* Factors

#### 1.   Possibility of Prejudice to Plaintiff

Under the first *Eitel* factor, the Court considers whether the plaintiff will suffer prejudice if default judgment is denied. *Bd. of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec., Inc.*, No. 5:19-CV-06456, 2020 WL 2838801, at *2 (N.D. Cal. June 1, 2020) (citing *PepsiCo, Inc. v. Cal. Security. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). A plaintiff is prejudiced if it would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. *JL Audio, Inc. v. Kazi*, No. 516CV00785CASJEM, 2017 WL 4179875, at *3 (C.D. Cal. Sept. 18, 2017).

Here, since Defendant has not appeared in this matter, Plaintiff will be without any other recourse for recovery unless default judgment is granted. *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co.*, No. 5:18-CV-05561, 2020 WL 5847505, at *2 (N.D. Cal. Sept. 30, 2020). The first *Eitel* factor thus weighs in favor of entering default judgment.

#### 2.   Substantive Merits and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *I.B.E.W. Local 332*, 2020 WL 2838801, at *2 (citing *PepsiCo*, 238 F. Supp. 2d at 1175). These factors assess the substantive merits of the movant's claims and the sufficiency of the pleadings. Together, the factors require that the movant "state a claim on which [it] may recover." *PepsiCo*, 238 F. Supp.

Case No.: 5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT

3

1   2d at 1175 (citation omitted).

2   Here, Plaintiff asserts two causes of action.  The Court addresses each claim in turn.

### a. Copyright Infringement (17 U.S.C. § 501)

"Before pursuing an infringement claim in court . . . a copyright claimant generally must comply with [17 U.S.C.] § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (quoting 17 U.S.C. § 411(a)).  But copyright law also has international implications, which are principally governed by the Berne Convention and Universal Copyright Convention.  *See Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1078–79 (9th Cir. 2022) (citing *Golan v. Holder*, 565 U.S. 302, 306 (2012)).  As a party to the Conventions, the United States agrees to extend the same protections to foreign copyright holders as they would to domestic copyright holders without requiring the same formalities.  *See id.* at 1078.  As such, foreign works are exempt from § 411(a)'s registration requirement.  *Fourth Est.*, 586 U.S. at 306–07.

When the author of a foreign work brings an infringement action in the United States, foreign law determines copyright ownership, while "U.S. law governs whether infringement occurs."  *Unicolors, Inc.*, 52 F.4th at 1079 (citation omitted).  Under U.S. law, a plaintiff bringing a claim for copyright infringement must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

Here, Plaintiff is a Canadian entity and claims copyright ownership under Canadian law.  *See* Compl. ¶¶ 1, 43.  Plaintiff alleges that it "designed and created" its Mobile App and the Copyrighted Images therein, so it owns copyright and holds exclusive rights in the Copyrighted Images.  *Id.* ¶¶ 14, 19–20, 40; *see also* 17 U.S.C. § 106 (granting owners of copyright exclusive rights to, among other things, reproduce the copyrighted work and distribute copies to the public).  Defendant then directly copied the Copyrighted Images into Defendant's own mobile applications and published the Copyrighted Images onto the Google Play store without authorization.  *Id.* ¶¶ 21–25, 27–32.  Taking these allegations as true, Plaintiff has established Defendant's liability for

Case No.:   5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT

4

copyright infringement.

### b.    California Unfair Competition (Cal. Bus & Prof. Code § 17200)

Unfair competition claims premised on claims of copyright infringement are generally preempted by the Copyright Act. *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212–13 (9th Cir. 1998). Here, Plaintiff alleges that Defendant infringed Plaintiff's copyrighted works to take advantage of Plaintiff's reputation and goodwill. Compl. ¶¶ 49–51. Plaintiff acknowledges that its unfair competition claim is predicated on an underlying copyright infringement and thus preempted but contends that the claim could instead be construed instead as one for "passing off" Defendant's mobile applications as belonging to Plaintiff. Mot. at 13–14 (citing *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008)). Without reaching the question of whether this "passing off" theory would avoid preemption, the Court finds that Plaintiff's complaint does not plead such a theory. A claim for "passing off" one's goods as those of another is grounded in trademark law, and Plaintiff's unfair competition claim is plainly premised on Defendant's alleged copyright infringement rather than any trademark infringement. Accordingly, Plaintiff does not state a claim for unfair competition.

### 3.    Sum of Money in Dispute

"When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trustees v. Core Concrete Cost., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). On the other hand, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* Here, despite the allegations in the Complaint, Plaintiff has decided to forego monetary damages in favor of injunctive relief. Mot. at 14. The Court addresses the scope of the injunctive relief granted below, but for purposes of this *Eitel* factor, the Court finds that Plaintiff's requested relief is tailored to Defendant's alleged misconduct. *See PepsiCo*, 238 F. Supp. 2d at 1177 (finding the third *Eitel* factor met where plaintiffs sought injunctive relief to prevent continued use of trademarks rather than monetary damages).

Case No.: 5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT

#### 4.      **Possibility of Dispute Concerning Material Facts**

*Eitel* requires the Court to consider whether there is a possibility of a dispute over material facts. *Eitel*, 782 F.2d at 1471–72.  Defendant has neither appeared nor defended itself in this action, so Plaintiff's allegations stand undisputed.  Upon entry of default by the Clerk of the Court, the factual allegations of the complaint related to liability are taken as true. *Shaw v. Five M, LLC*, No. 16-CV-03955, 2017 WL 747465, at *4 (N.D. Cal. Feb. 27, 2017).  The Court finds that the possibility of dispute concerning material facts is minimal and does not weigh against default judgment. *Oomph Innovations LLC*, 2020 WL 5847505 at *4.

#### 5.      **Excusable Neglect**

The Court next considers whether Defendant's default is the result of excusable neglect. *Eitel*, 782 F.2d at 1472.  Plaintiff served Defendant with the complaint and summons, yet Defendant has neither appeared nor responded.  ECF No. 19.  As such, there is no indication that Defendant's default is due to excusable neglect.

#### 6.      **Strong Policy Favoring Decisions on the Merits**

Although public policy strongly favors deciding each case on its merits, default judgment is appropriate where a defendant refuses to litigate a case and where default judgment is the plaintiff's only recourse against the defendant. *See Core Concrete,* 2012 WL 380304, at *4; *Carlson Produce, LLC v. Clapper*, No. 18-CV-07195, 2020 WL 533004, at *5 (N.D. Cal. Feb. 3, 2020); *see also United States v. Roof Guard Roofing Co.*, No. 17-CV-02592, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome.").  Here, Defendant has not appeared and apparently refuses to litigate. *Oomph Innovations,* 2020 WL 5847505, at *4.  Thus, the final *Eitel* factor also favors default judgment.

*          *          *

Overall, the *Eitel* factors support default judgment as to Plaintiff's copyright claim, but not its unfair competition claim.  Therefore, the Court GRANTS Plaintiff's motion for default judgment as to its copyright infringement claim and DENIES the motion as to Plaintiff's unfair

Case No.: 5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT

6

1   competition claim.

2   **C.      Relief Requested**

3   Plaintiff requests a permanent injunction against Defendant's current and future

4   infringement of Plaintiff's copyright. Specifically, Plaintiff seeks the following injunction:

> 1) Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:
>    a) making, using, marketing, and/or selling products that infringe directly and/or indirectly Plaintiff's copyright rights contained within Plaintiff's auto-clicker mobile application;
>    b) reproducing, preparing derivatives of, distributing, and/or displaying the copyrighted work within Plaintiff's auto-clicker mobile application; and
>    c) aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the copyrighted work within Plaintiff's auto-clicker mobile application.
> 2) Defendant shall, within ten (10) business days after receipt of such notice, remove its infringing mobile applications from all online platforms which Defendant's mobile applications may be available.
> 3) Should Defendant's infringing mobile applications remain active on any online platform after ten (10) business days following Defendant's receipt of this Order, and upon Plaintiff's request, any online platforms (collectively, the "Third Party Providers"), shall, within ten (10) business days after receipt of such request by Plaintiff, remove Defendant's infringing mobile applications from the Third Party Provider's respective online platform.

ECF No. 23-3 at 2 (Plaintiff's proposed order). The Court begins its analysis by addressing whether Plaintiff is entitled to a permanent injunction, then probes the scope of Plaintiff's requested injunctive relief.

### 1.      Permanent Injunction

The Copyright Act permits reasonable injunctive relief to "prevent or restrain infringement of copyright." 17 U.S.C. § 502(a). In determining whether to grant permanent injunctive relief, courts consider whether a plaintiff has demonstrated: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a

Case No.: 5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT

7

1   permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). In copyright

2   cases, "a showing of a reasonable likelihood of success on the merits raises a presumption of

3   irreparable harm." *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1109 (9th Cir. 1998) (citation

4   omitted).

5         Here, the Court has already found that Plaintiff would likely succeed on the merits of its

6   copyright claim, so Plaintiff need not demonstrate an irreparable injury. Moving to the second

7   element, Plaintiff alleges injury to its reputation and goodwill, which cannot be adequately

8   remedied by monetary damages. Compl. ¶¶ 34, 46. "Monetary damages are also not sufficient to

9   compensate [Plaintiff] for this injury because it would be forced to bring repeated lawsuits to

10  recover for ongoing infringement." *Michael Grecco Prods., Inc. v. 8 Decimal Cap. Mgmt., LLC*,

11  No. 20CV07466HSGTSH, 2021 WL 2534567, at *6 (N.D. Cal. June 1, 2021) (citations omitted).

12  Defendant has not appeared or offered any response as to the balance of harms, but the Court finds

13  that the balance weighs in favor of an injunction. If an injunction is not issued, Defendant will

14  likely continue its infringement, and Plaintiff will continue to be irreparably harmed. On the other

15  hand, if Defendant wishes to display the Copyrighted Images in its mobile applications, it need

16  only obtain a license from Plaintiff. As for the fourth and final element, Plaintiff contends that an

17  injunction would serve the public interest because Defendant's infringement has deceived and will

18  continue to deceive consumers into downloading and/or purchasing Defendant's mobile

19  applications believing them to be Plaintiff's. An injunction is also in the public interest because

20  "the public receives a benefit when the legitimate rights of copyright holders are vindicated."

21  *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 949 (N.D. Cal. 2009), *aff'd*, 658 F.3d 1150 (9th

22  Cir. 2011). Because all factors weigh in Plaintiff's favor, the Court finds that a permanent

23  injunction is appropriate here.

### D.  Scope of Injunction

25        Generally, "an injunction must be narrowly tailored to remedy only the specific harms

26  shown by the plaintiffs rather than to enjoin all possible breaches of the law." *Iconix, Inc. v.*

27  *Tokuda*, 457 F. Supp. 2d 969, 998–1002 (N.D. Cal. 2006). At first blush, Plaintiffs' requested

Case No.: 5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT

8

injunction appears overbroad to the extent it would compel removal of all Defendant's mobile applications that contain the Copyrighted Images. Plaintiff's copyright grants exclusive rights to the Copyrighted Images themselves, not necessarily the mobile applications that use the works. Defendant could presumably delete the Copyrighted Images from its applications to end the infringement without having to completely remove its applications. However, given the procedural history of this matter, specifically Defendant's evasion of service and ongoing infringement despite multiple notices from Plaintiff, the Court finds that the broader injunction is adequately tailored to achieve effective relief.

But Plaintiff's requested injunction runs into another problem. The third subpart of the proposed injunction would require third-party online platforms who are not a part of this action to remove Defendant's mobile applications after receiving notice from Plaintiff. Rule 65 provides that injunctive relief "binds *only* . . . (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described" in subsections (A) and (B). Fed R. Civ. P. 65(d)(2) (emphasis added). An injunction may bind a non-party "only if it has actual notice . . . and either abets the enjoined party violating the injunction, or is legally identified with the enjoined party." *Consumer Fin. Prot. Bureau v. Howard L., P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) (cleaned up and citations omitted). Plaintiff's requested relief binding non-party online platforms is thus inappropriate at this juncture absent any argument from Plaintiff that these non-parties fall within the scope of Rule 65(d)(2)(C) and absent any notice and opportunity to be heard.

That said, Plaintiff may request that the Court enforce an injunction against the non-party online platforms *after* an injunction has issued. After receiving notice of this Order and the terms of the injunction, non-party online platforms that continue to provide services to Defendant could qualify as an "aider or abettor" under Rule 65(d)(2)(C). Accordingly, the Court will issue Plaintiff's requested injunction with the following language replacing the third subpart:

> To the extent Plaintiff seeks to have non-parties expressly named in the terms of this injunction, Plaintiff must serve this opinion and injunction to those non-parties and provide them an opportunity to be heard in this Court under Federal Rule of Civil Procedure 65.

Case No.: 5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT
9

*See cPanel, LLC v. Asli*, 719 F. Supp. 3d 1133, 1155 (D. Or. 2024) (addressing the same issue of a requested injunction that would bind non-parties and including the same language in the injunction).

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment as to its copyright infringement claim and **DENIES** the motion as to its unfair competition claim. The Court **GRANTS** and issues a permanent injunction as follows:

1) Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:
   a) making, using, marketing, and/or selling products that infringe directly and/or indirectly Plaintiff's copyright rights contained within Plaintiff's auto-clicker mobile application;
   b) reproducing, preparing derivatives of, distributing, and/or displaying the copyrighted work within Plaintiff's auto-clicker mobile application; and
   c) aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the copyrighted work within Plaintiff's auto-clicker mobile application.
2) Defendant shall, within ten (10) business days after receipt of such notice, remove its infringing mobile applications from all online platforms which Defendant's mobile applications may be available.
3) To the extent Plaintiff seeks to have non-parties expressly named in the terms of this injunction, Plaintiff must serve this opinion and injunction to those non-parties and provide them an opportunity to be heard in this Court under Federal Rule of Civil Procedure 65;

Plaintiff shall promptly serve Defendant with this Order and file a proof of service with the Court. Plaintiff shall file its motion for attorneys' fees within **fourteen (14) days** of this Order.

Case No.: 5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT

10

Plaintiff shall file its bill of costs pursuant to Civil Local Rule 54-1.

**IT IS SO ORDERED.**

Dated: January 14, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-07428-EJD
ORDER RE DEFAULT JUDGMENT
11